**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RONALD B. LEVIN,

    Plaintiff,

v.                                          Case No. 2:13-cv-12650

BAYVIEW LOAN SERVICING, LLC,
a Delaware limited liability company,

    Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AND CONVERTING
HEARING TO A SCHEDULING CONFERENCE**

In this Fair Credit Reporting Act case--the second in twelve months or so between the same parties--Plaintiff Robert Levin obtained a clerk's entry of default [Dkt. #6] just six days after an answer was due from Defendant Bayview Loan Servicing, LLC, but not filed.  Defendant now avers that through administrative error it did not become aware of the instant complaint in time, nor had it been informed by Plaintiff's counsel of any perceived problems in certain corrective action agreed to be undertaken by Defendant as a result of the settlement of the earlier litigation (E.D.Mich. #12-13502).  The court's docket shows the same attorneys representing the same parties in both the earlier and the instant litigation.

Plaintiff files a paper in opposition to setting aside the default, claiming only that Defendant has stated no meritorious defense.  Defendant, however, *does* specifically aver that its defense to the claim is its good faith, and largely successful, effort to

achieve the objects of the earlier settlement, intended to include the correction of the matter stated in the certain Experian account report alleged in the instant complaint. Defendant also points to an absence of any effort by Plaintiff, through counsel, to communicate or to cooperate in such efforts to achieve successful results.

Bearing in mind that there is "a strong preference for trials on the merits in federal courts," *Shepard Claims Serv., Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 193 (6th Cir. 1986), the Federal Rules of Civil Procedure authorize the court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Three factors are relevant to the determination of whether "good cause" exists to set aside an entry of default pursuant to Rule 55(c): "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992); *accord Weiss v. St. Paul Fire & Marine Ins. Co.,* 283 F.3d 790, 794 (6th Cir. 2002).

The same factors are important in deciding whether to set aside a default judgment under Rule 60(b). There is a difference, however: "In practice a somewhat more lenient standard is applied to Rule 55(c) motions." *Waifersong,* 976 F.2d at 292 ("[T]he methodolgy for considering these factors and the weight to be accorded to them depends on whether the court is confronted by an entry of default or a default judgment."). "[A]ll three factors must be considered in ruling on a motion to set aside an entry of default," but when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c)

2

motion in the absence of a willful failure of the moving party to appear and plead." *Shepard,* 796 F.2d at 194.

There is no variety of impending prejudice claimed by Plaintiff were the default to be set aside. The absence of prejudice, in combination with a rationally alleged meritorious defense expressed by Defendant, persuade the court that good cause has been demonstrated that weighs very heavily in favor of granting the motion. Fed. R. Civ. P. 55(c), 60(b).[1]

IT IS ORDERED that Defendant Bayview's motion to set aside the clerk's entry of default [Dkt. # 35] is GRANTED.

IT IS FURTHER ORDERED that in lieu of oral argument, a scheduling conference will be held on the date and time presently set. Counsel are directed to prepare in advance an agreed-upon outline of an inexpensive and efficient path to case resolution, and to discuss such outline with the court's clerk.

                                      s/Robert H. Cleland
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

Dated: August 12, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 12, 2013, by electronic and/or ordinary mail.

                                      s/Holly Monda for Lisa Wagner
                                      Case Manager and Deputy Clerk
                                      (313) 234-5522

---

[1] It is difficult to think of a reason that collegial attorneys could not agree on the requested relief, consistent as such relief is with both the prevailing law and common sense.